1
2
3
4
5
6
7
8          IN THE UNITED STATES DISTRICT COURT
9
          FOR THE NORTHERN DISTRICT OF CALIFORNIA
10
11   CHADERICK A. INGRAM,

12          Plaintiff,                    No. C 12-03703 JSW

13     v.

14   CITY OF SAN FRANCISCO,              **ORDER DENYING
                                         APPLICATION TO PROCEED** *IN*
15          Defendant.                   *FORMA PAUPERIS* **AND
                                         DISMISSING COMPLAINT WITH
16                                       LEAVE TO AMEND**

17   _____/

18          Now before the Court is the application filed by Plaintiff Chaderick A. Ingram to

19   proceed *in forma pauperis*.  Having considered the papers filed in support of the request, the

20   Court finds the matter appropriate for decision on the papers, and rules as follows.  The Court

21   has determined that the application should be DENIED at this time because this action must be

22   dismissed for the reasons stated below.

23          Federal courts are under a duty to raise and decide issues of subject matter jurisdiction

24   *sua sponte* at any time it appears subject matter jurisdiction may be lacking.  Fed. R. Civ. P. 12;

25   *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983).  If the Court determines that

26   subject matter jurisdiction is lacking, the Court must dismiss the case.  *Id.*; Fed. R. Civ. P.

27   12(h)(3).

28          California superior courts are courts of general, unlimited jurisdiction and can render

*United States District Court*
For the Northern District of California

enforceable judgments in practically any type of case.  However, federal courts have limited jurisdiction.  Federal courts can only adjudicate cases which the Constitution or Congress authorize them to adjudicate:  those cases involving diversity of citizenship (where the parties are from diverse states), or a federal question, or those cases to which the United States is a party.  *See, e.g., Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375 (1994).  Federal courts are presumptively without jurisdiction over civil cases and the burden of establishing the contrary rests upon the party asserting jurisdiction.  *Id.* at 377.

"[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages."  *Mireless v. Waco*, 502 U.S. 9, 11 (1991); *see also Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978).  An act is considered "judicial" when it is a function normally performed by a judge and the parties dealt with the judge in his judicial capacity.  *See Stump*, 435 U.S. at 362; *see also Franceschi v. Schwartz*, 57 F.3d 828, 830-31 (9th Cir. 1995) (holding that a municipal court commissioner was immune from suit).  "Judicial immunity applies 'however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff.'"  *Id.* (quoting *Cleavinger v. Saxner*, 474 U.S. 193 (1985)); *see also Stump*, 435 U.S. at 356 ("A judge will not be deprived of immunity because the act he took was in error, was done maliciously, or was in excess of his authority.").  A judge lacks immunity only when he or she acts "in the clear absence of all jurisdiction ... or performs an act that is not 'judicial' in nature."  *Ashelman*, 793 F.2d 1078 (internal citation omitted).

To determine if an individual acted in an official judicial capacity, a court must analyze whether: "(1) the precise act is a normal judicial function; (2) the events occurred in the judge's chambers; (3) the controversy centered around a case then pending before the judge; and (4) the events at issue arose directly and immediately out of a confrontation with the judge in his or her official capacity."  *Id.* (citation omitted).  Having carefully reviewed the allegations in Plaintiff's complaint, the Court concludes that each of the four factors demonstrate that the Defendant judges were acting within their roles as judicial officers and are therefore immune from liability.

1    For the foregoing reasons, the Court DISMISSES Plaintiff's complaint, with leave to

2  amend.  Plaintiff shall have until no later than October 29, 2012, to file an amended complaint

3  to set forth some factual basis to support a claim with federal jurisdiction.  Plaintiff may file a

4  renewed application to proceed *in forma pauperis* upon filing an amended complaint.  Failure to

5  file timely an amended complaint shall result in dismissal of this action without prejudice.

6    **IT IS SO ORDERED.**

7

8  Dated:  September 24, 2012



JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

CHADERICK A. INGRAM,

       Plaintiff,

  v.

CITY OF SAN FRANCISCO et al,

       Defendant.

Case Number: CV12-03703 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 24, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Chaderick A. Ingram
1060 North Avenue
Sacramento, CA 95838

Dated: September 24, 2012

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk